IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLORIA J. STEZZI | : | CIVIL ACTION |
| | : | NO. 10-4333 |
| v. | : | |
| | : | |
| CITIZENS BANK OF PENNSYLVANIA | : | |
| and TALX | : | |

O'NEILL, J.                                                                                          JUNE 11th, 2012

## MEMORANDUM AND ORDER

Gloria Stezzi filed a Title VII Complaint against her former employer, Citizens Bank of Pennsylvania, alleging that Citizens Bank retaliated against her for filing an Equal Employment Opportunity Commission charge of discrimination based on age, gender and race.  See Dkt. Nos. 4 and 4-1 at 36.  According to Stezzi, Citizens Bank retaliated against her by appealing her award of unemployment compensation benefits.  Dkt. No. 4-1 at 5.  Before bringing suit in this Court against her former employer, Stezzi filed an EEOC charge against Citizens Bank and obtained a right to sue letter.  Id. at 42 and 1.

Stezzi has now filed an Amended Complaint adding a Title VII retaliation claim against a new defendant, Talx.  According to the Amended Complaint, Talx represented Citizens Bank in the appeal of Stezzi's unemployment compensation award.  Dkt. No. 20 at 15.  Stezzi does not, however, allege that she exhausted her administrative remedies with respect to Talx.  The documents attached to her original Complaint show that she filed an EEOC charge against Citizens Bank but not against Talx.  See Dkt. No. 4-1 at 42.  Stezzi has not exhausted her claim against Talx by virtue of her administrative charge against Citizens Bank.  See Williams v. E. Orange Cmty. Charter Sch., 396 Fed. App'x 895, 897 (2010) (per curiam) ("The ensuing suit is limited to claims that are within the scope of the initial administrative charge.").  Accordingly,

Stezzi's claim against Talx will be dismissed for failure to exhaust administrative remedies. See Burgh v. Borough Council of Montrose, 251 F.3d 465, 469 (3d Cir. 2001).

AND NOW, this 11th day of June, 2012, upon consideration of Talx's motion to dismiss and Stezzi's response, it is ORDERED that Talx's motion is GRANTED and Stezzi's claim against Talx is DISMISSED.

It is further ORDERED that Stezzi and Citizens Bank shall confer and agree upon a discovery schedule to be submitted to the Court within fourteen days of the date of this Order. If the parties believe a settlement conference would be productive they should inform my chambers in writing at 601 Market Street, Room 4007, Philadelphia, PA 19106-1797.

    *s/Thomas N. O'Neill, Jr.*
    THOMAS N. O'NEILL, JR., J.