IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLORIA STEZZI | : | CIVIL ACTION |
| | : | NO. 10-4333 |
| v. | : | |
| | : | |
| CITIZENS BANK OF PENNSYLVANIA | : | |
| | : | |

O'NEILL, J.                                                                                          October 4, 2012

## MEMORANDUM

Now before me are defendant Citizens Bank of Pennsylvania's motion for judgment on the pleadings and the response thereto of plaintiff Gloria Stezzi, proceeding pro se. For the reasons that follow I will deny defendant's motion.

## BACKGROUND

Ms. Stezzi worked for Citizens Bank as a teller prior to her termination on October 26, 2007. Dkt. No. 4-1 at 12. Although the exact circumstances surrounding her discharge are in dispute, both parties acknowledge that Citizens Bank relieved Ms. Stezzi of her employment after a few deposit bags containing money were lost under her watch. Id. at 8; Dkt. No. 47-1 at 2. Subsequently, Ms. Stezzi filed a formal complaint with the Equal Employment Opportunity Commission against Citizens Bank, alleging discrimination on the basis of race, sex and age. Dkt. No. 4-1 at 8. On November 15, 2007, Citizens Bank became aware of Ms. Stezzi's EEOC proceeding. Id. at 11. Five days later, on November 20, 2007, Citizens Bank instructed its agent, Talx Corporation, to appeal Ms. Stezzi's request for unemployment compensation benefits. Dkt. No. 47-1 at 2. In the appeal, Talx stated that Ms. Stezzi was "discharged for gross negligence

1

causing a financial loss to the employer." Id. at 2-3.  Ms. Stezzi claims that this appeal prevented her from continuing to receive unemployment compensation benefits and made it impossible to find new employment.  Dkt. No. 4-1 at 9-10.

Prior to Talx's involvement, Ms. Stezzi claims that she had already received three weeks worth of unemployment compensation benefits.  Id. at 5.  On July 29, 2008, Ms. Stezzi filed another formal EEOC complaint, alleging that Citizens Bank ordered Talx to appeal her unemployment compensation benefits in retaliation for her previous discrimination complaint.  Id. at 42.  Her initial discrimination complaint filed with the EEOC sought relief under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act; however, Ms. Stezzi's retaliation claim only invoked Title VII.  Id. at 1-3, 42.  Eventually, the EEOC dismissed both the discrimination and retaliation complaints filed by Ms. Stezzi.  Id. at 4.  For her retaliation claim, Ms. Stezzi received a Notice of Right to Sue Letter from the EEOC on May 25, 2010, and she filed a timely complaint with this Court on August 24, 2010.  Id. at 4.

## **STANDARD OF REVIEW**

A party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  In deciding a motion for judgment on the pleadings, the Court considers the pleadings and exhibits attached thereto, matters of public record and "undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents."  Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010).  Rule 12(c) motions are reviewed under the same standard that applies to motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6).  See Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991) (citations omitted).

Accordingly, in deciding a motion for judgment on the pleadings, I "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005).

The motion will be granted if the plaintiff has not articulated enough facts "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is not enough for a plaintiff to allege mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court "may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009); see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Additionally, pleadings that are pro se must be held to "less stringent standards than formal pleadings drafted by lawyers." Dickerson v. Brooks, No. 06-289, 2007 WL 4689001, at *2 (W.D. Pa. Oct. 31, 2007), citing Haines v. Kerner, 404 U.S. 519, 520-521 (1972); see also United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (noting that a petition prepared by pro se plaintiff may be inartfully drawn and should be read "with a measure of tolerance."). Because Ms. Stezzi has filed her complaint pro se, I must liberally construe her pleadings and apply the applicable law, regardless of whether she has mentioned it by name. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (discussing how plaintiff's pleadings must be "liberally" construed).

**DISCUSSION**

Ms. Stezzi's only claim in this dispute is that Citizens Bank, upon gaining knowledge that she filed an EEOC discrimination claim against them, retaliated against her by ordering Talx to appeal her unemployment compensation benefits.  As a result of this allegedly retaliatory action, Ms. Stezzi claims that she stopped receiving unemployment compensation and could not find another job in the banking field.  Dkt. No. 4-1 at 9-10.  Section 704 of Title VII, which is the applicable anti-retaliation provision, states that:

> It shall be unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice . . . or because he has made a charge . . . under this subchapter.

42 U.S.C. § 2000e-3(a).  Therefore, "to establish a prima facie case of retaliation under Title VII," a plaintiff must plead sufficient facts to show that: "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; (3) there is a causal connection between her participation in the protected activity and the adverse employment action."  Moore v. City of Phila., 461 F.3d 331, 340-41 (3d Cir. 2006).

In its motion for judgment on the pleadings, Citizens Bank only contests one element of Ms. Stezzi's prima facie case – the adverse employment action requirement.  Dkt. No. 47-1 at 1-6.  Specifically, Citizens Bank argues that "it is well recognized that an employer's appeal of a former employee's right to unemployment compensation . . . cannot be an adverse employment action because it inherently occurs after the individual's employment has already ended."  Id. at 4.  In other words, Citizens Bank asserts that Ms. Stezzi cannot suffer an adverse employment action for alleged conduct that occurred after she was terminated.  To reach this conclusion, Citizens Bank cites to Glanzman v. Metropolitan Management Corp., 391 F.3d 506 (3d Cir. 2004), as the controlling authority in the current dispute.

There, the Court of Appeals dealt with a plaintiff who brought an ADEA retaliation claim, in relevant part, because her employer contested her unemployment compensation benefits.  Id. at 515-16.  The Court denied the plaintiff's retaliation claim, holding that (1) the plaintiff could not suffer an adverse employment action after her employment was terminated and (2) the plaintiff suffered no harm from the alleged retaliatory conduct because she continued to receive unemployment compensation.  Id. at 516.  Although the facts in Glanzman are similar to those of the current dispute, Citizens Bank mistakenly assumes that the Glanzman holding "applies with full force to the instant case."  Dkt. No. 47-1 at 5.

5

First, there are key factual distinctions between the current dispute and Glanzman. For example, Ms. Stezzi claims that she stopped receiving unemployment compensation benefits after Talx submitted its appeal. Dkt No. 4-1 at 5. Thus, unlike the plaintiff in Glanzman, Ms. Stezzi suffered an economic harm from Citizens Bank's allegedly retaliatory conduct. Cf. Glanzman, 391 F.3d at 516 (explaining that the plaintiff continued to receive unemployment compensation, notwithstanding defendant's appeal). Ms. Stezzi also alleges that Citizens Bank impeded her employment prospects in the banking field by authorizing Talx to describe her as "grossly negligent" in their appeal. Dkt. No. 4-1 at 5. This is again different from Glanzman, where the plaintiff did not state in her retaliation claim that the defendant damaged her chances of procuring future employment. Glanzman, 391 F.3d at 515-516.

Furthermore, the retaliation claim in Glanzman arose strictly under the ADEA, as opposed to Ms. Stezzi's Title VII retaliation claim in this dispute. Id. at 515. While Citizens Bank accurately states that the respective anti-retaliation provisions under the ADEA and Title VII are nearly identical, Courts in this Circuit have not uniformly applied these provisions with regards to claims for post-employment retaliation. As Glanzman demonstrates, under the ADEA a former employee cannot bring a retaliation claim for alleged conduct occurring post-employment. Id. at 516 ( "[O]nce [plaintiff's] employment was terminated it was not possible for her to suffer adverse employment action."). But under Title VII, an employer's post-employment actions against a former employee are susceptible to retaliation claims. See Charlton v. Paramus Bd. of Educ., 25 F.3d 194, 200 (3d Cir. 1994) ("Congress did not intend Title VII's protection against retaliation to end with termination of employment when it is the termination itself that gives rise to the protected act of filing a Title VII action."). The Supreme Court has also explicitly held that Title VII's anti-retaliation provision protects former

employees. See Robinson v. Shell Oil Co., 519 U.S. 337, 346 (1997) ("It being more consistent with the broader context of Title VII and the primary purpose of § 704(a), we hold that former employees are included within § 704(a)'s coverage.").

Accordingly, I disagree with Citizens Bank's contention that Ms. Stezzi has not sufficiently pled that she suffered an adverse employment action so as to state a claim for retaliation under Title VII. See, e.g., Carpenter v. Geithner, No. 11-460, 2012 WL 2018172, at *6 (E.D. Pa. June 5, 2012) (discussing requirements of a post-employment retaliation claim); Boandl v. Geithner, 752 F. Supp. 2d 540, 567-68 (E.D. Pa. 2010) (citing Charlton and examining elements of post-employment Title VII retaliation claim); Lin v. Rohm and Haas Co., 301 F. Supp. 2d 403, 404 (E.D. Pa. 2004) ("The anti-retaliation provisions of Title VII provide former employees with a legal recourse against post-employment retaliation."). Ms. Stezzi can satisfy the "'adverse employment action' element of [her] prima facie case of retaliation" with her claims regarding Citizens Bank's post-employment conduct if she can show that Citizens Bank's actions negatively affected her future employment opportunities. Lin, 301 F. Supp 2d at 405, citing Robinson v. City of Pittsburgh, 120 F.3d 1286, 1301 n.15 (3d Cir. 1997); see also Boandl, 752 F. Supp. 2d at 568 ("In essence, post-employment retaliation must 'involve[] some harm to an employee's employment opportunities.'") (citation omitted).

In the present case, with all reasonable inferences made in favor of Ms. Stezzi, I find that her complaint sufficiently alleges that Citizens Bank adversely affected her future employment opportunities by ordering Talx to appeal her unemployment compensation benefits. Dkt. No. 4-1 at 9-10. If other employers saw that Talx described Ms. Stezzi as grossly negligent in its appeal, it is reasonable to infer that such employers might refuse to hire Ms. Stezzi. Because Citizens Bank's motion for judgment on the pleadings only contests the

8

adverse employment action element of Ms. Stezzi's prima facie claim of retaliation, I will deny Citizens Bank's motion.

An appropriate Order follows.