IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLORIA J. STEZZI | : | CIVIL ACTION |
| | : | NO. 10-4333 |
| v. | : | |
| | : | |
| CITIZENS BANK OF PENNSYLVANIA | : | |

O'NEILL, J.                                                                                                       March 27, 2013

## **MEMORANDUM**

On August 30, 2010, plaintiff Gloria Stezzi, proceeding pro se,[1] filed a complaint against her former employer, defendant Citizens Bank of Pennsylvania, alleging that Citizens Bank retaliated against her for filing an Equal Employment Opportunity Commission charge of discrimination. Dkt. Nos. 4 and 4-1.[2] On February 22, 2010, Citizens Bank filed a motion to dismiss this action with prejudice and with costs to Citizens Bank for Stezzi's "knowing and willful failure to comply with this Court's Orders and other rules of procedure. Dkt. No. 78 at ECF p. 1. Also outstanding in this case are Stezzi's multiple motions for summary judgment,

---

[1] Also on August 30, 2010, Stezzi filed a motion for appointment of counsel. Dkt. No. 5. The Court granted her motion that day, Dkt. No. 6, but vacated the order on February 22, 2011, allowing plaintiff to retain counsel or proceed pro se. Dkt. No. 14. On January 27, 2012, the Court entered an Order informing Stezzi that the Court's renewed efforts to appoint counsel had been unsuccessful. Dkt. No. 32. Nearly a year later, on November 7, 2012, the Court entered an order advising Stezzi to obtain counsel and informing her that "[s]he may wish to contact Community Legal Services." Dkt. No. 58. On January 30, 2013, Stezzi sought a stay, informing the Court that she had "contacted Community Legal Services for representation and [was] waiting for a response." Dkt. No. 67 at ECF p. 4. On February 5, 2013, Stezzi filed yet another motion seeking appointment of counsel, Dkt. No. 71, and, at a conference with the Court, informed the Court that she had been unable to obtain counsel through Community Legal Services. The Court denied her motion. Dkt. No. 72.

[2] Stezzi served her complaint on Citizens Bank on November 17, 2010. Dkt. No. 7.

Dkt. Nos. 59, 75 and 84, her motion to strike, Dkt. No. 60, and her motion for relief. Dkt. No. 83.

For the reasons that follow, the Court will: 1) dismiss Stezzi's complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; 2) deny each of Stezzi's outstanding motions, including her motions for summary judgment, and 3) grant Citizens Bank's motion for costs.

## BACKGROUND

After Stezzi successfully defended her claims against Citizens Bank's motion for judgment on the pleadings, the Court scheduled a pretrial conference for November 8, 2012. Dkt. No. 31. Stezzi filed a motion for summary judgment one day prior to the scheduled pretrial conference. Dkt. No. 57. The Court entered an Order cancelling the scheduled pretrial conference and directed the parties to "conduct discovery pertinent to the pending motion for summary judgment or to a summary judgment motion to be filed by defendant." Dkt. No. 58. On December 24, 2012, Stezzi filed an amended motion for summary judgment. Dkt. No. 59. On January 11, 2013, she filed a "Motion to Strike Defendant's Nonresponsive Pleading to Plaintiff's Amended Motion for Summary Judgment" in which she asked the Court to "declare her motion for amended summary judgment as uncontested." Dkt. No. 60 at ECF p. 7.

On January 28, 2013, in an effort to proceed toward a disposition on the merits of Stezzi's Motion for Summary Judgment, the Court scheduled a conference in this matter for February 5, 2013 and explained that

> [m]atters to be discussed at the conference [would] include, but [would not be] limited to: (1) plaintiff's compliance with defendant's notice scheduling her deposition for February 7, 2013; (2) the method to be used for recording her deposition in accordance with the requirements of Rule 30(b)(3) of the Federal Rules of Civil Procedure; (3) the deadline for the completion of discovery in this matter; (4) a briefing schedule for defendant's response to plaintiff's pending motion for summary judgment; and

> (5) a briefing schedule for any motion for summary judgment to be filed by defendant and plaintiff's response thereto.

Dkt. No. 66. Stezzi responded on January 30, 2013 with a motion to vacate the Court's Order in which she asked the Court to cancel the scheduled pretrial conference and to require Citizens Bank to respond to her motion for summary judgment. See Dkt. No. 67. In her motion, Stezzi argued, inter alia, that "Rule 56 (a) does not require discovery for a motion for summary judgment." Id. at ECF p. 3. On February 4, 2013, Stezzi filed a document titled "Brief for Plaintiff's Motion for Summary Judgment (Docket Number 59 and 67)." Dkt. No. 68. In her brief, she cited the "new Rules of Civil Procedure" and argued that "[t]he smoking gun evidence is so strong that if this were a criminal case plaintiff could have moved for a directed verdict." Id. at ECF p. 1. Stezzi's brief appeared to contend that further discovery in the case was unnecessary because, as she argued, her "retaliation complaint can be summed up with the direct evidence consisting documents authored by the employer and contained in the EEOC investigator's file." Id.

On February 5, 2013, the day of the scheduled conference, Stezzi filed a motion seeking a stay pending the Court's appointment of an attorney to her. Dkt. No. 69. She also filed a "motion in opposition to defendant's naked discovery request after plaintiff filed motion for summary judgment with direct evidence." Dkt. No. 70. In that motion, Stezzi argued that Citizens Bank should not be allowed to take her deposition before filing a response to her motion to summary judgment because "Rule 56 (a) does not require discovery for a motion for summary judgment . . . ." Id. at ECF p. 5.

The Court declined to cancel the scheduled pretrial conference. At the conference, the Court instructed Stezzi that she was obligated to allow Citizens Bank to conduct discovery relevant to its defense of her motion for summary judgment. Accordingly, after the pretrial

conference, the Court ordered Stezzi to appear at the United States Courthouse for her deposition on February 19, 2013. Dkt. No. 72. Citizens Bank prepared for Stezzi's deposition and hired a court reporter who appeared at the courthouse with counsel for the bank on the Court-ordered date. Stezzi also appeared at the courthouse on February 19, but rather than participate in her deposition as ordered, she filed a "New Motion for Summary Judgment Complemented by Plaintiff's Response to Defendants improper 'Request for Production,'" [3] Dkt. No. 75, and departed the premises. See Dkt. No. 78 at ECF p. 5 (explaining that at around 10:00 a.m. on February 19, Stezzi appeared in the designated courtroom, handed Citizens Bank's attorney a copy of her new motion for summary judgment and walked out of the courtroom with her husband. "Defendant's counsel [then] searched the hallway for Plaintiff but she was nowhere to be found. Defendant's counsel checked a few more times and waited until approximately 11:00 a.m. for Plaintiff to return. Plaintiff never returned for her deposition.").

Counsel for Citizens Bank informed the Court that Stezzi left the courthouse without submitting to her deposition. [4] As a result of Stezzi's conduct on February 19, the Court ordered

---

[3] At the February 5, 2013 pretrial conference, the Court warned Stezzi that she should not file further motions before participating in her deposition and allowing Citizens Bank to file a response to Stezzi's pending motion for summary judgment.

[4] This contact prompted Stezzi to accuse the Court and defense counsel of "conspiring to defeat the Rules of Court by allowing defendant unfettered access to the court." Dkt. No. 77 at ¶ 20. In her response to the Court's Order to show cause, Stezzi contends that "the court does defendant's bidding without defendant having to file a motion for an order from the court" because the Court, upon learning that she had not participated in her deposition, ordered her to appear at a show cause hearing. Id. Plaintiff contends that in so doing, the Court "den[ied] plaintiff due process of law and creat[ed] a situation where the court with an immaculate conception creates an order sua sponte where the plaintiff has to respond to the court for violating an order instead of responding to the defendants motion in which there was no rule of civil procedure to justify an order by the court." Id.
Further, in her motion for relief, Stezzi characterizes the show cause Order as "erroneous" and contends that it contains "an immaculate conception for a Failure to Appear at Trial." Dkt. No. 83 at ECF p. 4. Without citing to any legal authority, she contends that "[a]

her to appear for a show cause hearing on February 22, 2013 "to show cause why the case should not be dismissed for failure to obey the Court's Order to give her deposition." Dkt. No. 76. The Court warned Stezzi that her "failure . . . to appear at the show cause hearing may result in dismissal of this case." Id. On February 21, 2013, Stezzi filed a response to the Court's Show Cause Order in which she asked the Court to "[v]acate the Order to show Cause and have defendant file proper motions with the court and respond to plaintiff's new motion for summary judgment." Dkt. No. 77 at ECF p. 4. In her filing, Stezzi maintained that her requested deposition was "frivolous," Dkt. No. 77 at ¶ 19, and that she "had no alternative but to deliver the new motion for summary judgment to the court and defendant's counsel at the deposition because if plaintiff sat for the deposition she would be a party to a fraud upon the court." Id. at ¶ 21. Stezzi did not appear at the scheduled show cause hearing. In her response to the Court's Order to show cause, she stated that at the February 5, 2013 pretrial conference, she had explained to defense counsel "that she would be in Florida . . . for 10 days starting on Friday, 22nd of February 2013." Id. at ¶ 22. Stezzi did not give notice of her travel itinerary to the Court at the pretrial conference.

In response to Stezzi's request that the Court vacate its show cause order, on February 22, 2012, Citizens Bank filed its motion to dismiss pursuant to Rule 41(b). Dkt. No. 78. The Court entered an Order requiring Stezzi to file a response to Citizens Bank's motion to dismiss and

---

pretrial discovery scheduling order violation allegation from a discovery conference needs a motion to compel from a party." Id. In her memorandum in support of her motion for relief, Stezzi argues that Citizens Bank's attorney "did commit a fraud upon the court by falsely reporting to Judge O'Neill's Deputy Court Clerk . . . that plaintiff is guilty of 'failure to appear' at the deposition [on] February 19, 2013." Id. at ECF p. 9. She asserts further that "[f]ailure to appear is a term reserved for post discovery actual trial court infractions." Id.

Stezzi, however, cites to no authority which would support a conclusion that the Court lacked jurisdiction to enforce its Order requiring her to submit to her deposition when, in fact, she did not do so. The Court thus declines to provide Stezzi with relief from compliance with the show cause order.

request for costs on or before March 18, 2013. Dkt. No. 79. Rather than respond to the motion to dismiss, on March 15, 2013, Stezzi sent a letter to the Court enclosing a Notice of Intent to File Motion to Strike Defendants' Motion to Dismiss. Dkt. No. 82. That motion has yet to be filed. Instead, on March 18, 2013, Stezzi filed a "Motion for Relief from Orders Pursuant to FRCP 60(b)"[5] in which she asks the "Court to vacate Docket Orders #'s 74, 76, 78, and 79." Dkt. No. 83 at ECF p. 3. In her motion for relief, she contends – for the first time – that she elected not to participate in her deposition because Citizens Bank's attorney "on Tuesday morning February 19, 2013 at 10:00 a.m. was not licensed or admitted to practice law in PAED."[6] Id. at ECF p. 4.

On March 27, 2013, Stezzi filed yet another motion for summary judgment with the Court: her "Motion for Full Case Summary Judgment." Dkt. No. 84. In the motion, Stezzi argues that summary judgment should be granted in her favor because "Citizens Bank has no defenses to the direct evidence from the EEOC investigator's file that are now part of the official court record in this case." Id. at ECF p. 14. She asserts that "[t]his is one of those rare Title VII retaliation cases where the plaintiff files for summary judgment and the plaintiff also has direct evidence of retaliation." Id. at ECF p. 16. She contends that "[t]he evidence was discovered in the documents submitted by the defendant Citizens Bank in the EEOC investigator's file" and

---

[5] The memorandum of law submitted with Stezzi's motion for relief alludes to "issues [that] will be further addressed in plaintiff's [yet-to-be filed] motion to strike" including "an administrative records management nightmare for the court " that she contends the Bank's attorneys created "by submitting, at the very least, improper application forms or no application forms with the court for the ECF system." Dkt. No. 83 at ECF p. 10.

[6] Plaintiff did not raise this argument in her February 21, 2013 response to the Court's Order to show cause. Dkt. No. 77.

that "all the elements for a Title VII prima facie case of retaliation are supported by direct evidence and the plaintiff is entitled to judgment as a matter of law."[7] Id.

## DISCUSSION

**I.    Dismissal of Stezzi's Claims**

Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Fed. R. Civ. P. 41(b). In Poulis v. State Farm Fire & Casualty. Co., 747 F.2d 863, 868-70 (3d Cir. 1984), the Court of Appeals set forth the appropriate factors to consider before dismissing an action on punitive grounds (such as under Rule 41(b) or Rule 37(b)(2)(A)): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to respond to discovery or follow court orders; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868-70 (3d Cir. 1984). In balancing the Poulis factors, there is no "magic formula" or "mechanical calculation" to determine how they are considered. Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008). "The court must balance the factors and need not find that all of them weigh against plaintiff to dismiss the action." Krieger v. Russell, 286 F.R.D. 261, 262 (D. Del. 2012), citing Emerson v. Thiel Cool., 296 F.3d 184, 190 (3d Cir. 2002).

---

[7]  It is worth noting that the Court of Appeals has held that a district court was not in error when it denied as premature motions for summary judgment similar to those brought by Stezzi. See Lee v. Sunrise Sr. Living, Inc., 455 F. App'x 199, 202 (3d Cir. 2011). In Lee, the District Court had denied the plaintiff's motions seeking summary judgment on her claims alleging employment discrimination and retaliation "on the ground that discovery had not yet been completed." Id. at 201. Here, Citizens Bank has not had an opportunity to complete discovery relevant to its defense of Stezzi's claims.

Applying the Poulis factors, the Court finds that dismissal of Stezzi's case is warranted for her failure to comply with the Court's orders and her lack of cooperation with Citizen's Bank's efforts to obtain discovery relevant[8] to its defense of her claims.

First, Stezzi is solely responsible for prosecuting her claim as she is proceeding pro se. See Hoxworth v. Blinder Robinson & Co., 980 F.2d 912, 920 (3d Cir. 1992). "[I]t is logical to hold a pro se plaintiff personally responsible for delays in [her] case because a pro se plaintiff is solely responsible for the progress of [her] case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney." Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008), citing Poulis, 747 F.2d at 868.

Second, Citizens Bank is prejudiced by Stezzi's failure to attend her deposition, her continual delay of proceedings, and her disregard for the Court's orders. Her actions have burdened Citizens Bank's ability to prepare its defense of her claims. See Ware v. Rodale Press, Inc., 322 F.3d 218, 222-23 (3d Cir. 2003) (holding prejudice includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy").

> Plaintiff brought this lawsuit and needs to prosecute it so that defendant can prepare a responsive and meaningful defense. Due to disregard for the Court's [February 5 February 19, and February 25, 2013] Order[s], she has wasted defendant's time, causing it to incur expenses and has also wasted this Court's time with her flagrant disobedience requiring this Court to address her shortfall.

Karakazova v. Univ. of Pittsburgh, No. 09-0458, 2010 WL 3829646, at *5 (W.D. Pa. Sept. 24, 2010). Plaintiff has given no indication that she will comply with her discovery obligations.

---

[8] Discovery need not be confined to matters of admissible evidence but may encompass that which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); see also Oppenheimer Fund, Inc. v. Saunders, 437 U.S. 340, 352 (1978) (Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case.").

Without such compliance, defendant cannot fairly defend this matter. "Good-faith cooperation with discovery requirements is essential to the equitable proceeding of litigation and a fair hearing on the merits for all parties to the action." Palmer v. Sec. Nat. Bank, No. 00-287, 2001 WL 877584, at *3 (E.D. Pa. June 13, 2001).

Third, as is evidenced by her behavior in this action as is described above, Stezzi's conduct evidences a history of dilatoriness. While seeking to avoid compliance with her obligations to cooperate with discovery in this matter Stezzi has now filed a number of motions directed at issues that do not bear upon the merits of her claims, thus repeatedly delaying resolution of her claims on their merits. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994).

Fourth, the Court finds that Stezzi's conduct cannot be viewed as negligent or inadvertent. She has failed to comply with the Court's instructions directing her to take specific actions in this case, compelling the Court to conclude that her actions are not accidental or inadvertent but instead reflect an intentional disregard for her case and the Court's instructions. For example, the Court ordered Stezzi to provide Citizens Bank with documents responsive to Citizens Bank's request for production. Dkt. No. 72 at ECF p. 1. Instead of producing responsive documents, Stezzi's response to Citizens Bank's requests for production cited only to documents already produced in this action and did not produce any new documents. See Dkt. No. 75 at ECF p. 10-13. And, perhaps most egregiously, despite the Court's Order that she do

so, plaintiff did not submit to her deposition on February 19, 2013.[9] Further, while Stezzi has not responded to Citizens Bank's motion to dismiss pursuant to Rule 41(b), or otherwise proven herself capable of complying with the Court's instructions, she has proven that she is capable of filing papers with the Court on issues that she deems worthy of raising in support of her case. For example, rather than file a response to Citizens Bank's motion to dismiss, Stezzi has responded with: 1) a "motion for relief" premised on the purported non-compliance of Citizens Bank's counsel with the local rule for pro hac vice admission, Dkt. No. 83; and 2) a notice of her intent to file a motion to strike, Dkt. No. 82, which, should it be filed, would apparently seek to

---

[9] In her motion for relief, Stezzi contends, for the first time, that she did not submit to her deposition on February 19 because her "husband told Plaintiff to leave because Beverly W. Garofalo[, counsel for Citizens Bank,] on Tuesday morning, February 19, 2013 at 10:00 a.m. was not licensed or admitted to practice law in PAED." Dkt. No. 83 at ECF p. 4. She asserts that "the Docket entry # 73 was amended to include a receipt issued on February 19, 2013 for $40," Dkt. No. 83 at ECF p. 4, and then contends that Ms. Garofalo "was not admitted in the PAED to practice law to defend against Plaintiff until at least February 20, 2013." Id. She contends that Citizens Bank's attorneys "had perpetrated a fraud on the court by not paying the $40 dollar [sic] fee for pro hac vice admission and submitting sworn statements that they did." Id. at ECF p. 7.

Stezzi's argument does not excuse her failure to submit to her deposition. First, despite having had ample opportunity to do so as her deposition was scheduled to occur in a courtroom just down the hall from the Court's chambers, Stezzi did not raise this issue with the Court on February 19. Further, Plaintiff's contention is clearly incorrect. The Court granted Ms. Garofalo's application for admission pro hac vice on February 15, 2013. Dkt. No. 74. Stezzi contends that "the PAED court improperly issued [the] Order . . . ." Dkt. No. 83 at ECF p. 6. To the contrary, the Court finds that its grant of pro hac vice admission to Ms. Garofalo was clearly proper.

While Local Rule 83.5.2 provides that "[n]o admission shall be effective until such time as the fee has been paid," Ms. Garofolo noted on her application for admission pro hac vice, which was also filed on February 15, 2013, that she was submitting to the Court check number 3752 for the $40.00 admission fee. Dkt. No. 73 at ECF p. 1. "'Payment' on a check that is not post-dated is effective as of the date the check is delivered." Staff Builders, Inc. v. Koschitzki, 989 F.2d 692, 695 (3d Cir. 1993). Stezzi does not contend that Ms. Garofalo did not deliver the check with her application on February 15. Nor does she contend that the check in question was post-dated or not honored. Instead, she notes only that a receipt for the check was not issued until February 19. The receipt is not evidence of the date that the check was delivered to the Court, does not render improper the Court's grant of pro hac vice admission to Ms. Garofalo and did not give Stezzi license to absent herself from her Court ordered appearance at her February 19 deposition.

claim that Citizens Bank's attorneys' inappropriately completed this Court's application forms for participation in the electronic case filing system. See Dkt. No. 83 at ECF p. 10.

Fifth, Court Orders have proven insufficient to obtain Stezzi's cooperation with the pretrial process. Further, she is proceeding pro se and in forma pauperis such that monetary sanctions would not be an effective alternative to dismissal. See Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008), citing Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002) (upholding District Court's determination that dismissal of plaintiff's action was warranted under the fifth Poulis factor where the plaintiff "was proceeding pro se, [ ] had no attorney upon whom the District Court could impose the expenses for failing to comply with the court's orders . . . .[and] was proceeding in forma pauperis . . . indicat[ing] that he would not be able to pay monetary sanctions").

The sixth Poulis factor, which considers the meritoriousness of plaintiff's claims, points in favor of Stezzi, as her claims survived Citizens Bank's motion for judgment on the pleadings. "[F]or this inquiry, we do not purport to use summary judgment standards. A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d 869-70. A finding in favor of plaintiff on this factor alone, however, is not sufficient to allow her to avoid dismissal of her claims under Rule 41(b).

Stezzi's refusal to cooperate with Court orders and her filings that raise arguments on issues not directed at the merits of her claims divert the Court's scarce resources away from more meritorious claims. "At the end of the day, [pro se litigants] cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013), citing McNeil v. United States, 508 U.S. 106, 113 (1993); see

also Karakazova v. Univ. of Pittsburgh, No. 09-0458, 2010 WL 3829646, at *4 (W.D. Pa. Sept. 24, 2010) ("[C]ourts should not allow pro se litigants to disregard court orders and perpetually delay trial proceedings."); Palmer v. Sec. Nat. Bank, No. 00-287, 2001 WL 877584, at *3 (E.D. Pa. June 13, 2001) ("Pro se plaintiffs cannot be held to the same strict standards as attorneys, but they also cannot be excused from compliance with the plain text of the federal rules and court orders . . . ."). Balancing the Poulis factors, the Court finds that dismissal of Stezzi's claims against Citizens Bank is warranted with prejudice.

Because the Court will dismiss Stezzi's complaint under Rule 41(b), the Court will deny as moot her outstanding motions for summary judgment (Dkt. Nos. 59, 75 and 84), to strike (Dkt. No. 60) and for relief (Dkt. No. 83).

## II.    Costs for Stezzi's Failure to Participate in Her Deposition

In conjunction with its motion to dismiss, Citizens Bank requests an award of the costs it incurred in connection with Stezzi's scheduled February 19, 2013 deposition. Citizens Bank seeks a total of $12,898.50 in attorney's fees and $673.74 in costs, for a total award of $13,572.24. See Dkt. No. 81. Despite the Court's Order that she do so, Dkt. No. 79, Stezzi has not provided a direct response to Citizens Bank's request for costs and fees.

Rule 37(b)(2) of the Federal Rules of Civil Procedure sets forth a wide range of available sanctions for the Court to award against a party for their non-compliance with their discovery obligations. Relevant here, Rule 37(b)(2)(C) provides that "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(A)(vi) (emphasis added). Despite her argument regarding the propriety of the pro hac vice admission of Citizens Bank's counsel, the Court finds that Stezzi has not

provided a substantial justification for her failure to participate in her deposition. Accordingly, the Court will require Stezzi to pay Citizens Bank's reasonable expenses incurred in conjunction with the scheduled deposition.

The Court must satisfy itself that the fees requested are reasonable. See Reynolds v. Univ. of Pa., No. 06-1237, 2010 WL 4187873, at *4 (E.D. Pa. Oct. 25, 2010), citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The lodestar formula, which multiplies by a reasonable hourly rate the number of hours reasonably expended, provides the starting point for determining reasonable attorney's fees. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). In contemplating the reasonableness of Citizens Bank's requested fees and costs, the Court also bears in mind that Stezzi is a pro se litigant who is proceeding in forma pauperis.

After an examination of Citizens Bank's requested fees, the Court makes the following adjustments. First, the Court finds that it was not necessary for two attorneys to prepare for and participate in Stezzi's deposition. Accordingly, the Court will deduct from Citizens Bank's requested fees all of the time spent by attorney Katharine Thomas (20.3 hours billed at a rate of $255 per hour, for a total amount of $5,176.50). The Court will also deduct from Citizens Bank's requested fees the travel time billed by attorney Beverly Garofalo (7 hours billed at a rate of $375 per hour, or a total of $2,625). Finally, absent a more complete description of the tasks undertaken to prepare for Stezzi's deposition, the Court is unable to find that all of the 11.8 hours billed by Ms. Garofolo to "Prepare for Deposition" were necessary. See Dkt. No. 81 at ECF p. 2-3. The Court finds that 5 hours would have been a reasonable amount of time for Ms. Garofolo to expend in preparation for Stezzi's deposition. Accordingly, for those 5 hours plus the 1.8 hours Ms. Garofolo spent to appear for Stezzi's deposition, the Court will award a total of $2,550 (6.8 hours at $375/hour) in attorney's fees to Citizens Bank.

The Court also declines to award certain of Citizen's Bank's requested costs. In particular, the Court will exclude the costs of its attorney's dinner and breakfast ($61.42 and $24.14, respectively) from Citizen's Bank's request for costs. See Dkt. No. 81-1 at ECF p. 3. Counsel would have eaten dinner and breakfast regardless of her attendance at Stezzi's scheduled deposition. Because the Court found that it would have been sufficient for one attorney to conduct plaintiff's deposition, the Court will also exclude Citizen's Bank's request for $17.66 for taxi fare for Ms. Thomas. Dkt. No. 81 at ECF p. 2. Accordingly, the Court will award a total of $570.52 (or $673.74 - $103.22) in costs to Citizens Bank.

Pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure the Court thus will order Stezzi to pay to Citizens Bank an award of fees and costs in the total amount of $3,120.52.

An appropriate Order follows.